UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DONTA HAMPTON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) CASE NO.   1:25-cv-01377 |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**PETITIONER'S MOTION TO VACATE, SET ASIDE, OR
CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255**

The Petitioner, Donta Hampton, by counsel, Terry Tolliver, submits his *Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255,* and states as follows:

**BACKGROUND**

On April 5, 2022, a superseding indictment was filed in the Southern District of Indiana, Indianapolis Division, charging Mr. Hampton with Conspiracy to Distribute Controlled Substances, in violation of 21 United States Code, Sections 841(a)(1) and 846 (Count 1), Distributing 500 Grams or More of Methamphetamine Mixture, in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1) (Count 9), and Possession with Intent to Distribute 500 Grams or More of Methamphetamine Mixture, in violation of 21 U.S.C. § 841(a)(1) (Count 12).[1] Then, on May 11, 2022, a *Petition to Enter a Plea of Guilty and Plea Agreement* was filed.[2] On June 21, 2022, a Change of Plea Hearing was held, and Mr. Hampton pleaded guilty to Count 1, Conspiracy to

---

[1] *See* 1:21-cr-00193-JPH-MJD-6, Doc. 540, *Superseding Indictment*, filed April 5, 2022.

[2] *See* 1:21-cr-00193-JPH-MJD-6, Doc. 674, *Petition to Enter Plea of Gulty and Plea Agreement*, filed May 11, 2022.

Distribute Controlled Substances, in violation of 21 U.S.C. §§ 841(a)(1) and 846.[3] The Court accepted the *Plea Agreement* and subsequently sentenced Mr. Hampton to two hundred sixteen (216) months of imprisonment followed by five (5) years of supervised release on October 26, 2022.[4] Mr. Hampton now seeks to bring a *Motion to Vacate, Set Aside, or Correct Sentence* because he did not receive effective assistance of counsel, and he would not have accepted the *Plea Agreement* if he had known it included a sentence calculated based on actual methamphetamine rather than a mixture.

On October 24, 2023, Mr. Hampton filed his first *Motion to Vacate, Set Aside, or Correct a Sentence* under Cause No. 1:23-cv-01913-JPH-TAB. On July 10, 2024, the United States District Court in the Southern District of Indiana granted Mr. Hampton's *Motion* for the limited purpose of filing an appeal. A *Notice of Appeal* was then filed on July 16, 2024, under Cause No. 1:21-cr-00193-JPH-MJD. On February 10, 2025, the appeal was dismissed. Therefore, Mr. Hampton's current petition is not a successive petition and is timely filed.

## LEGAL STANDARD

28 U.S.C. § 2255 permits a prisoner to request that his sentence be corrected if "the sentence was imposed in violation of the Constitution or laws of the United States, or . . . the court was without jurisdiction to impose such sentence, or . . . the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Whenever "an error of law . . . is jurisdictional, constitutional, or constitutes a fundamental defect

---

[3] *See* 1:21-cr-00193-JPH-MJD-6, Doc. 1500, *Transcript of Change of Plea Hearing*, filed April 1, 2024, p. 5, lines 12-19.
[4] *See* 1:21-cr-00193-JPH-MJD-6, Doc. 1501, *Transcript of Change of Sentencing Hearing*, filed April 1, 2024, p. 40, lines 10-19.

which inherently results in a complete miscarriage of justice" a defendant's § 2255 petition should be granted.[5]

The Sixth Amendment guarantees criminal defendants the right to effective assistance of counsel.[6] Therefore, to have a viable § 2255 petition under *Strickland,* Mr. Hampton must show that his attorney's performance was deficient and that he was prejudiced as a result.[7]

## ARGUMENT

### I. Mr. Hampton's trial counsel was deficient when he failed to provide competent advice regarding Mr. Hampton's Plea Agreement.

The Sixth Amendment of the United States Constitution reserves the right and "entitles defendants entering Plea Agreements to effective assistance of counsel."[8] Specifically, "The Sixth Amendment right to counsel, of course, guarantees more than just a warm body to stand next to the accused during critical stages of the proceedings; an accused is entitled to an attorney who plays a role necessary to ensure that the proceedings are fair."[9]

To demonstrate this ineffective assistance of counsel standard in the context of a guilty plea, the petitioner must show that his counsel's advice regarding the plea was objectively unreasonable and that there is a reasonable probability that, but for the counsel's error, they would not have pled guilty but would have insisted on receiving a trial.[10] Moreover, the criteria regarding an attorney's advice on Plea Agreements have been defined as "A reasonably competent counsel will attempt to learn all of the facts of the case, make an estimate of a likely sentence, and communicate the results of that analysis before allowing his client to plead guilty."[11]

---

[5] *See Harris v. United States*, 366 F.3d 593, 594 (7th Cir. 2004) (quotation marks omitted).
[6] *See Strickland v. Washington*, 466 U.S. 668, 684-86 (1984).
[7] *See Vinyard v. United States*, 804 F.3d 1218, 1225 (7th Cir. 2015).
[8] *United States v. Bownes*, 405 F.3d 634, 637 (7th Cir. 2005).
[9] *U.S. ex rel. Thomas v. O'Leary,* 856 F.2d 1011, 1015 (7th Cir. 1988).
[10] *See Moore v. Bryant,* 348 F.3d 238, 241 (7th Cir. 2003).
[11] *Id.*

In *Moore v. Bryant,* the Seventh Circuit Court of Appeals held that the District Court's determination that the defendant's counsel was ineffective was valid because the misinformation his counsel provided regarding the disparity in sentence when pleading guilty or not pleading guilty established reasonable probability that but for the advice, he would not have pleaded guilty.[12] In *Moore,* the biggest issue raised between the defendant and his attorney was the length of the sentence and what the plea deal meant for his good time credit.

Like *Moore,* Mr. Hampton's concerns revolved around the length of the sentence he could potentially receive. His trial counsel failed to advise him on the key difference between methamphetamine mixture and actual methamphetamine and what that could potentially mean for his sentence. In the Plea Agreement offered to Mr. Hampton, the sentence was based on a calculation of actual methamphetamine when he was only indicted for methamphetamine mixture. This resulted in an increase in his offense level by four (4) points, making it thirty-six (36) rather than thirty-two (32). For Criminal History Category VI and a reduction of three (3) levels for Acceptance of Responsibility, this results in a sentencing range of two hundred thirty-five (235) to two hundred ninety-three (293) months, rather than the more appropriate range of one hundred fifty-one (151) to one hundred eighty-eight (188) months, which could have resulted in a sentence that was eighty-four (84) months shorter. Even if Mr. Hampton were to receive the maximum sentence of one hundred eighty-eight (188) months under these Guidelines, this is still twenty-eight (28) months less than what he ultimately received at sentencing.

This was a deficient performance by his counsel because a competent attorney would have learned all the facts of the case and made an estimate of the likely sentence Mr. Hampton would have received. If Mr. Hampton's counsel had investigated what he was indicted for, he would have

---

[12] 348 F.3d at 242—43.

seen that Mr. Hampton should have received a lighter sentence than what was presented in the Plea Agreement due to the disparity between actual and mixture of methamphetamine.

> **II. But for his counsel's deficient performance and inaccurate advice, Mr. Hampton was prejudiced, as would not have accepted the Plea Agreement.**

During his change of plea hearing, Mr. Hampton did express satisfaction with his counsel, but the 7th Circuit has previously found that this does not preclude a defendant from bringing an ineffective assistance of counsel claim regarding the Plea Agreement. In *Hurlow v. United States,* the defendant's counsel did not inform him of a Fourth Amendment claim and advised him to plead guilty, and the defendant claimed that but for his counsel's deficiency, he would not have pled guilty.[13] Moreover, the Court stated, even though a thorough and proper colloquy is done, "a plea … cannot be 'knowing and voluntary' if it resulted from ineffective assistance of counsel."[14]

Much like in *Hurlow,* Mr. Hampton entered into this Plea Agreement due to his ignorance of what sentence he could potentially face for possession of a methamphetamine mixture. Like other defendants, Mr. Hampton was relying on what he believed to be competent counsel because plea bargains have become central to the administration of our criminal justice system, and defense counsel has certain responsibilities during this process.[15] His counsel should have gathered all facts and information regarding Mr. Hampton's case and advised him of the sentence disparity. That is what Mr. Hampton relied on his counsel to do, especially since he was not familiar with the federal court system.

Mr. Hampton's offense level for conspiracy to distribute methamphetamine mixture would be thirty-two (32) as opposed to thirty-six (36) for actual methamphetamine. Along with his acceptance of responsibility, Mr. Hampton would have only had an offense level of twenty-nine

---

[13] 726 F.3d 958, 967 (7th Cir. 2013).
[14] *Id.*
[15] *Missouri v. Frye,* 566 U.S. 134 (2012).

(29) and a criminal history score of VI. This would place his sentence within the range of one hundred fifty-one (151) to one hundred eighty-eight (188) months as opposed to the two hundred thirty-five (235) to two hundred ninety-three (293) that was presented to him by his attorney. If Mr. Hampton's accurate guideline range had been presented to him, the Plea Agreement, which gave him a sentence of two hundred sixteen (216) months, objectively would not have been as enticing, and he would have insisted on going to trial. But for this inaccurate advice on both the Plea Agreement and his guideline sentencing range, Mr. Hampton would not have pleaded guilty.

## CONCLUSION

For the reasons set forth above, the Petitioner, Donta Hampton, prays this Court will vacate his initial Plea Agreement and resentence him accordingly.

## VERIFICATION

I affirm, under the penalties for perjury, that the foregoing representations are true.

*/s/ Donta L. Hampton*

Donta Hampton, *Petitioner*
Register No. 55260-509
FCI McDowell
Federal Correctional Institution
P.O. Box 1009
Welch, WV 24801


Respectfully submitted,

BRATTAIN MINNIX TOLLIVER

By:   */s/ Terry Tolliver*
Terry Tolliver, #22556-49
1 Indiana Square, Suite 2625
Indianapolis, IN 46204
(317) 231-1750 x 4
Terry@BMTIndy.com
*Counsel for Petitioner Donta Hampton*

6

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 10th day of July 2025, a copy of the foregoing was filed electronically. Notice of this filing will be made available by operation of the Court's CM/ECF system.

*/s/ Terry Tolliver*
Terry Tolliver
